# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HULLAMTOU CEESAY, | ) |
| | ) No. 22-cv-_____ |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| BRONX PARK PHASE III PRESERVATION LLC, BRONX PHASE III HOUSING COMPANY, INC., NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., LIHC INVESTMENT GROUP, LIHC ACQUISITION COMPANY LLC, LP SOLUTIONS FUND, LLC, BELVERON PARTNERS, BELVERON NY PRESERVATION, LLC, CAMBER PROPERTY GROUP, LLC, CAMMEBY'S INTERNATIONAL GROUP, CAMMEBY'S CAPITAL GROUP, LLC, CAMMEBY'S FUNDING, LLC, SF RECTOR STREET, LLC, RICK GROPPER, ANDREW MOELIS and RUBIN SCHRON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Cammeby's Capital Group, LLC, Cammeby's Funding, LLC, SF Rector Street, LLC, and Rubin Schron ("Cammeby's Defendants")[1] hereby give notice of removal of the action *Ceesay v. Bronx Park Phase III Preservation LLC et al.*, Index No. 800555/2022, (N.Y. S. Ct.), from the Supreme Court of the County of Bronx, New York, to the United States District Court for the Southern District of New York.  In support thereof, the Cammeby's Defendants state as follows:

---

[1] This action also names Cammeby's International Group, which is a trade name for a group of companies and not a legally organized entity.  To the extent Plaintiff disputes this assertion, this notice of removal should be understood to be filed on behalf of Cammeby's International Group.

## BACKGROUND

1. This is an action alleging serious personal injuries arising from a fire that took place at 333 East 181st Street, Bronx, New York on January 9, 2022. Although the Complaint's cookie-cutter allegations claim that all of the Defendants were responsible under state law for the condition of the premises, Cammeby's Capital Group, LLC, Cammeby's Funding, LLC, and Rubin Schron never had any direct or indirect ownership over the property at 333 East 181st Street, Bronx, NY. SF Rector Street, LLC held membership interests in a company that indirectly owned the properties in question, but those interests were sold years before the fire that allegedly caused Plaintiff's injuries. Plaintiff therefore has not alleged any legitimate or good faith basis for naming the Cammeby's Defendants in this Complaint.

2. On January 12, 2022, Plaintiffs filed the Complaint in the Supreme Court of the County of Bronx, New York.

3. This action is removable to this Court under 28 U.S.C. §§ 1332 and 1441 because it is an action between citizens of different states in which the amount in controversy exceeds $75,000 and the Cammeby's Defendants have satisfied all procedural requirements for removal.

## THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION

### A. The Parties Are Completely Diverse

4. Plaintiff is alleged to be a citizen of Georgia. Ex. 1, Compl. ¶ 1.

5. Defendant Bronx Park Phase III Preservation LLC is alleged to be a citizen of New York. Compl. ¶ 2. On information and belief, Bronx Park Phase III Preservation LLC is not a citizen of Georgia.

6. Defendant Bronx Phase III Housing Company, Inc. is alleged to be a citizen of New York. Compl. ¶ 4. On information and belief, Bronx Phase III Housing Company, Inc. is not a citizen of Georgia.

7. Defendant NYC Partnership Housing Development Fund Company, Inc. is alleged to be a citizen of New York. Compl. ¶ 6. On information and belief, NYC Partnership Housing Development Fund Company, Inc. is not a citizen of Georgia.

8. Defendant LIHC Investment Group is alleged to be a citizen of New York. Compl. ¶ 8. On information and belief, LIHC Investment Group is not a citizen of Georgia.

9. Defendant LIHC Acquisition Company LLC is alleged to be a citizen of New York. Compl. ¶ 10. On information and belief, LIHC Acquisition Company LLC is not a citizen of Georgia.

10. Defendant LP Solutions Fund LLC is alleged to be a citizen of New York. Compl. ¶ 12. On information and belief, LP Solutions Fund LLC is not a citizen of Georgia.

11. Defendant Belveron Partners is alleged to be a citizen of New York. Compl. ¶ 14. On information and belief, Belveron Partners is not a citizen of Georgia.

12. Defendant Belveron NY Preservation LLC is alleged to be a citizen of New York. Compl. ¶ 16. On information and belief, Belveron NY Preservation LLC is not a citizen of Georgia.

13. Defendant Camber Property Group, LLC is alleged to be a citizen of New York. Compl. ¶ 18. On information and belief, Camber Property Group, LLC is not a citizen of Georgia.

14. Defendant Cammeby's International Group is a trade name for a group of companies that operate in New York. It is not a legally organized entity or a citizen of any state.

15. Defendant Cammeby's Capital Group LLC is a limited liability company and therefore takes the citizenship of its members for purposes of diversity jurisdiction. The sole member of Cammeby's Capital Group LLC is Mel Mac Group LLC, whose members are individual members of the Schron family, who are all citizens of New York and New Jersey. Therefore, Cammeby's Capital Group LLC is a citizen of New York and New Jersey.

16. Defendant Cammeby's Funding LLC is a limited liability company and therefore takes the citizenship of its members for purposes of diversity jurisdiction. The members of Cammeby's Funding LLC are Cam Elm Company LLC, Mataponi Trust, Mada Holdings LLC, and Arbud Holdings LLC. The members of Cam Elm Company LLC are individual members of the Schron family, who are all citizens of New York and New Jersey. The trustee of Mataponi Trust is a citizen of New York. The members of Mada Holdings LLC are individuals who are citizens of New York or Florida. The members of Arbud Holdings LLC are individuals who are citizens of New York. Therefore, Cammeby's Funding LLC is a citizen of New York, New Jersey, and Florida for purposes of diversity jurisdiction.

17. Defendant SF Rector Street, LLC is a limited liability company and therefore takes the citizenship of its members for purposes of diversity jurisdiction. The members of SF Rector Street, LLC are individual members of the Schron family, who are all citizens of New York and New Jersey. Therefore, SF Rector Street, LLC is a citizen of New York and New Jersey.

18. Rick Gropper is alleged to be a citizen of New York. Compl. ¶ 29.

19. Andrew Moelis is alleged to be a citizen of New York. Compl. ¶ 30.

20. Rubin Schron is a citizen of New York.

21. Therefore, Plaintiff is not a citizen of the same state as any Defendant and the parties are completely diverse.

B. **The Amount in Controversy Requirement Is Satisfied**

22. The amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

23. Where, as here, a plaintiff alleges serious and permanent bodily injuries, courts have readily found that the amount in controversy exceeds $75,000. *See, e.g.*, *In re General Motors LLC Ignition Switch Litig.*, 2015 WL 2130904, at *1–2 (S.D.N.Y. May 6, 2015) (amount in controversy requirement met where complaint alleged present and future medical expenses for "permanently disabling injuries," lost earnings, non-economic damages, and punitive damages); *Zido v. Werner Enterprises, Inc.*, 498 F. Supp. 2d 512, 513–14 & n.3 (N.D.N.Y. 2006) (amount in controversy requirement met where plaintiff alleged "serious injury" from accident and sought to recover noneconomic losses from personal injury and loss of consortium and economic losses from medical expenses and other costs); *James v. Gardner*, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004) (amount in controversy requirement met where plaintiff alleged "severe and permanent personal injuries"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (amount in controversy requirement met where, inter alia, complaint alleged economic loss, including loss of earnings, medical expenses, and "serious and life-threatening medical conditions").

24. In addition, Plaintiff requests an award of punitive and exemplary damages in the sum of $500,000,000.00. Compl. ¶ 321. In determining whether the amount in controversy is

5

satisfied, the Court may consider punitive damages. *See Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008–09 (E.D. Cal. 2011); *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 2130904, at *3 (S.D.N.Y. 2015) ("Punitive damages, if permitted under controlling law, do count toward the amount in controversy for purposes of diversity." (internal quotation marks and citation omitted)).

25. Thus, although the Cammeby's Defendants are not required to concede that Plaintiff is entitled to all or any of the relief requested, it is plain that the amount in controversy exceeds $75,000 exclusive of interest and costs.

## THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED

26. Removal is timely under 28 U.S.C. § 1446(b) because the Cammeby's Defendants have not yet been served.

27. On information and belief, no Defendant who is a citizen of New York has been served with the Complaint. *See* 28 U.S.C. § 1441(b)(2); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

28. On information and belief, no Defendant has been served with the Complaint and therefore all Defendants who are properly joined and served consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

29. Removal to this District is proper because this is the district and division where the state-court action is pending. *See* 28 U.S.C. § 1446(a).

30. A copy of the Complaint, which has not yet been served on the Cammeby's Defendants, is attached hereto as Exhibit 1. *See* 28 U.S.C. § 1446(a).

31. The Cammeby's Defendants will promptly file a true and correct copy of this Notice of Removal with the clerk of the Bronx County Supreme Court and serve Plaintiffs'

Counsel and all Parties who have appeared in the state court action with a true and correct copy of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

32. By filing this Notice of Removal, the Cammeby's Defendants do not waive any defense that may be available to them and reserve all such defenses.

33. The Cammeby's Defendants reserve their right to amend or supplement this Notice of Removal.

34. If any question arises as to the propriety of the removal to this Court, the Cammeby's Defendants request the opportunity to present legal briefing and oral argument in support of their position that this case has been properly removed.

WHEREFORE this action is hereby removed from the Supreme Court of New York, County of Bronx, where it is pending under Index No. 800555/2022, to the United States District Court for the Southern District of New York.

Dated: January 14, 2022               Respectfully submitted,

*/s/ Steven A. Engel*
Andrew J. Levander
Steven A. Engel
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212) 698-3500
andrew.levander@dechert.com
steven.engel@dechert.com

*Counsel for Defendants Cammeby's Capital Group, LLC, Cammeby's Funding, LLC, SF Rector Street, LLC, and Rubin Schron*