# EXHIBIT 1

Case 1:22-cv-00390-JPC   Document 1-1   Filed 01/14/22   Page 2 of 97

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

HULLAMTOU CEESAY,

                               Plaintiff,                    Index No:

      -against-

                                            **VERIFIED COMPLAINT**

BRONX PARK PHASE III PRESERVATION LLC,
BRONX PHASE III HOUSING COMPANY, INC.,
NYC PARTNERSHIP HOUSING DEVELOPMENT
FUND COMPANY, INC., LIHC INVESTMENT GROUP,
LIHC ACQUISITION COMPANY LLC, LP
SOLUTIONS FUND, LLC, BELVERON
PARTNERS, BELVERON NY PRESERVATION, LLC,
CAMBER PROPERTY GROUP, LLC, CAMMEBY'S
INTERNATIONAL GROUP, CAMMEBY'S CAPITAL
GROUP, LLC, CAMMEBY'S FUNDING, LLC,
SF RECTOR STREET, LLC, RICK GROPPER,
ANDREW MOELIS and RUBIN SCHRON,

                                 Defendants.

-------------------------------------------------------------------X

        Plaintiff**,** HULLAMTOU CEESAY, by her attorneys EDELMAN KRASIN &

JAYE, PLLC, complaining of the defendants, BRONX PARK PHASE III

PRESERVATION LLC, BRONX PHASE III HOUSING COMPANY, INC., NYC

PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., LIHC

INVESTMENT GROUP, LIHC ACQUISITION COMPANY LLC, LP SOLUTIONS

FUND, LLC, BELVERON PARTNERS, BELVERON NY PRESERVATION, LLC,

CAMBER PROPERTY GROUP, LLC, CAMMEBY'S INTERNATIONAL GROUP,

CAMMEBY'S CAPITAL GROUP, LLC, CAMMEBY'S FUNDING, LLC, SF RECTOR

STREET, LLC, RICK GROPPER, ANDREW MOELIS, and RUBIN SCHRON, hereby

alleges the following under penalties of perjury and upon information and belief:

1

1.      Upon information and belief, at all times hereinafter mentioned, Plaintiff, HULLAMTOU CEESAY was and still is a resident of the State of Georgia.

2.      Upon information and belief, at all times hereinafter mentioned Defendant, BRONX PARK PHASE III PRESERVATION LLC, was and still is a domestic limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.      Upon information and belief, at all times hereinafter mentioned, Defendant, BRONX PARK PHASE III PRESERVATION LLC, transacted business in the State of New York.

4.      Upon information and belief, at all times hereinafter mentioned Defendant, BRONX PHASE III HOUSING COMPANY, INC., was and still is a domestic limited-profit housing company duly organized and existing under and by virtue of the laws of the State of New York.

5.      Upon information and belief, at all times hereinafter mentioned, Defendant BRONX PHASE III HOUSING COMPANY, INC., transacted business in the State of New York.

6.      Upon information and belief, at all times hereinafter mentioned Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., was and still is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      Upon information and belief, at all times hereinafter mentioned, Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., transacted business in the State of New York.

2

8.      Upon information and belief, at all times hereinafter mentioned, Defendant, LIHC INVESTMENT GROUP, was a domestic business entity, duly organized and existing under and by virtue of the laws of the State of New York.

9.      Upon information and belief, at all times hereinafter mentioned, Defendant, LIHC INVESTMENT GROUP, transacted business in the State of New York.

10.     Upon information and belief, at all times hereinafter mentioned Defendant, LIHC ACQUISITION COMPANY LLC, was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

11.     Upon information and belief, at all times hereinafter mentioned, Defendant, LIHC ACQUISITION COMPANY LLC, transacted business in the State of New York.

12.     Upon information and belief, at all times hereinafter mentioned Defendant, LP SOLUTIONS FUND, LLC, was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

13.     Upon information and belief, at all times hereinafter mentioned, Defendant LP SOLUTIONS FUND, LLC, transacted business in the State of New York.

14.     Upon information and belief, at all times hereinafter mentioned, Defendant, BELVERON PARTNERS, was a domestic business entity, duly organized and existing under and by virtue of the laws of the State of New York.

15.     Upon information and belief, at all times hereinafter mentioned, Defendant, BELVERON PARTNERS, transacted business in the State of New York.

16.     Upon information and belief, at all times hereinafter mentioned Defendant, BELVERON NY PRESERVATION, LLC, was and still is a foreign limited liability

3

company duly organized and existing under and by virtue of the laws of the State of New York.

17.     Upon information and belief, at all times hereinafter mentioned, Defendant, BELVERON NY PRESERVATION, LLC, transacted business in the State of New York.

18.     Upon information and belief, at all times hereinafter mentioned Defendant, CAMBER PROPERTY GROUP, LLC was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

19.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMBER PROPERTY GROUP, LLC, transacted business in the State of New York.

20.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S INTERNATIONAL GROUP, was a domestic business entity, duly organized and existing under and by virtue of the laws of the State of New York.

21.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S INTERNATIONAL GROUP, transacted business in the State of New York.

22.     Upon information and belief, at all times hereinafter mentioned Defendant, CAMMEBY'S CAPITAL GROUP, LLC, was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

23.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S CAPITAL GROUP, LLC, transacted business in the State of New York.

4

24. Upon information and belief, at all times hereinafter mentioned Defendant, CAMMEBY'S FUNDING, LLC, was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

25. Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S FUNDING, LLC, transacted business in the State of New York.

26. Upon information and belief, at all times hereinafter mentioned Defendant, SF RECTOR STREET, LLC, was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

27. Upon information and belief, at all times hereinafter mentioned, Defendant, SF RECTOR STREET, LLC, transacted business in the State of New York.

28. Upon information and belief, at all times hereinafter mentioned, Defendant, RICK GROPPER, was and still is a resident of the State of New York.

29. Upon information and belief, at all times hereinafter mentioned, Defendant, ANDREW MOELIS, was and still is a resident of the State of New York.

30. Upon information and belief, at all times hereinafter mentioned, Defendant, RUBIN SCHRON, was and still is a resident of the State of New York.

31. This action falls within one or more of the exceptions set forth in Article 16 of the C.P.L.R.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANT BRONX PARK PHASE III PRESERVATION LLC

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "31" inclusive, as fully as though they were set forth herein at length.

5

33.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

34.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees maintained the subject premises.

35.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC its agents, servants, contractors and/or employees leased the subject premises.

36.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees managed the subject premises.

37.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees inspected the subject premises.

38.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees repaired the subject premises.

39.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees supervised the subject premises.

6

Case 1:22-cv-00390-JPC   Document 1-1   Filed 01/14/22   Page 8 of 97

40.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC INC, its agents, servants, contractors and/or employees designed the subject premises.

41.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees constructed the subject premises.

42.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees controlled the subject premises.

43.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

44.     That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

45.     Plaintiff was caused to sustain serious and permanent personal injuries as a result.

46.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

47.     That Defendant, BRONX PARK PHASE III PRESERVATION LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its

7

unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe

8

condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe

9

Case 1:22-cv-00390-JPC    Document 1-1    Filed 01/14/22    Page 11 of 97

passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises

10

could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

48. That by reason of the negligence and carelessness of Defendant, BRONX PARK PHASE III PRESERVATION LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

49. That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANT BRONX PHASE III HOUSING COMPANY, INC.

50. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "49" inclusive, as fully as though they were set forth herein at length.

51. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

11

52. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees maintained the subject premises.

53. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees leased the subject premises.

54. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees managed the subject premises.

55. That on and before January 9, 2022, BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees inspected the subject premises.

56. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees repaired the subject premises.

57. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees supervised the subject premises.

58. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees designed the subject premises.

59. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees constructed the subject premises.

60. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees controlled the subject premises.

61. That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

62. That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

63. Plaintiff was caused to sustain serious and permanent personal injuries as a result.

64. That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

65. That Defendant, BRONX PHASE III HOUSING COMPANY, INC., their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install

13

fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly

14

designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in

15

leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

16

66. That by reason of the negligence and carelessness of Defendant BRONX PHASE III HOUSING COMPANY, INC., Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

67. That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANT NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC.

68. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "67" inclusive, as fully as though they were set forth herein at length.

69. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

70. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees maintained the subject premises.

71. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees leased the subject premises.

17

72. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees managed the subject premises.

73. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees inspected the subject premises.

74. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees repaired the subject premises.

75. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees supervised the subject premises.

76. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees designed the subject premises.

77. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees constructed the subject premises.

78. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees controlled the subject premises.

79. That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND

18

COMPANY, INC., its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

80. That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

81. Plaintiff was caused to sustain serious and permanent personal injuries as a result.

82. That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

83. That Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York; in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate

19

and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing

20

to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors; in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in

allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

84. That by reason of the negligence and carelessness of Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

22

85. That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST DEFENDANT LIHC INVESTMENT GROUP

86. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "85" inclusive, as fully as though they were set forth herein at length.

87. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

88. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees maintained the subject premises.

89. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees leased the subject premises.

90. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees managed the subject premises.

91. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees inspected the subject premises.

92. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees repaired the subject premises.

93. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees supervised the subject premises.

94. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees designed the subject premises.

95. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees constructed the subject premises.

96. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees controlled the subject premises.

97. That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, LIHC INVESTMENT GROUP, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

98. That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

99. Plaintiff was caused to sustain serious and permanent personal injuries as a result.

100. That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

101. That Defendant, LIHC INVESTMENT GROUP, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York; in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or

restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or

25

repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to

properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising,

and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

102. That by reason of the negligence and carelessness of Defendant, LIHC INVESTMENT GROUP, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

103. That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION AGAINST
DEFENDANT LIHC ACQUISITION COMPANY LLC**

104. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "103" inclusive, as fully as though they were set forth herein at length.

105. That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

106. That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees maintained the subject premises.

107. That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees leased the subject premises.

28

108.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees managed the subject premises.

109.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees inspected the subject premises.

110.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees repaired the subject premises.

111.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees supervised the subject premises.

112.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees designed the subject premises.

113.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees constructed the subject premises.

114.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees controlled the subject premises.

115.    That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, LIHC ACQUISITION COMPANY LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

116.    That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

117.    Plaintiff was caused to sustain serious and permanent personal injuries as a result.

118.    That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

119.    That Defendant, LIHC ACQUISITION COMPANY LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke

and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes,

31

depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to

32

an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

120.    That by reason of the negligence and carelessness of Defendant, LIHC ACQUISITION COMPANY LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

121.     That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION AGAINST DEFENDANT LP SOLUTIONS FUND, LLC

122.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "121" inclusive, as fully as though they were set forth herein at length.

123.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

124.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

125.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees leased the subject premises.

126.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees managed the subject premises.

127.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

128.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

129.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

34

130.    That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees designed the subject premises.

131.    That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

132.    That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

133.    That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, LP SOLUTIONS FUND, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

134.    That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

135.    Plaintiff was caused to sustain serious and permanent personal injuries as a result.

136.    That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the Plaintiff contributing thereto.

137.    That Defendant, LP SOLUTIONS FUND, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in

35

failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the

36

dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in

37

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and

hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

138.     That by reason of the negligence and carelessness of Defendant, LP SOLUTIONS FUND, LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

139.     That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION AGAINST DEFENDANT BELVERON PARTNERS

140.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "139" inclusive, as fully as though they were set forth herein at length.

141.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

142.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees maintained the subject premises.

143.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees leased the subject premises.

144.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees managed the subject premises.

145.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees inspected the subject premises.

146.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees repaired the subject premises.

147.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees supervised the subject premises.

148.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees designed the subject premises.

149.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees constructed the subject premises.

150.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees controlled the subject premises.

151.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BELVERON PARTNERS, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

152.     That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

153.     Plaintiff was caused to sustain serious and permanent personal injuries as a result.

154.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

155.     That Defendant, BELVERON PARTNERS, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or

41

supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning

42

to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

43

supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

156. That by reason of the negligence and carelessness of Defendant, BELVERON PARTNERS, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

157. That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION AGAINST
DEFENDANT BELVERON NY PRESERVATION, LLC**

158. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "157" inclusive, as fully as though they were set forth herein at length.

159. That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees owned the

44

premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

160.      That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

161.      That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees leased the subject premises.

162.      That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees managed the subject premises.

163.      That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

164.      That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

165.      That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

166.      That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees designed the subject premises.

167.    That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

168.    That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

169.    That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BELVERON NY PRESERVATION, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

170.    That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

171.    Plaintiff was caused to sustain serious and permanent personal injuries as a result.

172.    That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

173.    That Defendant, BELVERON NY PRESERVATION, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises;

46

Case 1:22-cv-00390-JPC   Document 1-1   Filed 01/14/22   Page 48 of 97

in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous

47

and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors; in failing to provide a sprinkler system; in failing to provide an adequate and

properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff;

49

in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

174.    That by reason of the negligence and carelessness of Defendant, BELVERON NY PRESERVATION, LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

175.    That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**AS AND FOR PLAINTIFF'S NINTH CAUSE OF ACTION AGAINST DEFENDANT CAMBER PROPERTY GROUP, LLC**

176.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "175" inclusive, as fully as though they were set forth herein at length.

177.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

178.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

179.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees leased the subject premises.

180.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees managed the subject premises.

181.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

182.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

183.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

184.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees designed the subject premises.

185.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

Case 1.22-cv-00390-JPC  Document 1-1  Filed 01/14/22  Page 53 of 97

186.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

187.    That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMBER PROPERTY GROUP, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

188.    That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

189.    Plaintiff was caused to sustain serious and permanent personal injuries as a result.

190.    That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

191.    That Defendant, CAMBER PROPERTY GROUP, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install

52

fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly

53

designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors; in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in

54

leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

55

192.    That by reason of the negligence and carelessness of Defendant, CAMBER PROPERTY GROUP, LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

193.    That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFF'S TENTH CAUSE OF ACTION AGAINST DEFENDANT CAMMEBY'S INTERNATIONAL GROUP

194.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "193" inclusive, as fully as though they were set forth herein at length.

195.    That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

196.    That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees maintained the subject premises.

197.    That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees leased the subject premises.

198.    That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees managed the subject premises.

56

199. That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees inspected the subject premises.

200. That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees repaired the subject premises.

201. That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees supervised the subject premises.

202. That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees designed the subject premises.

203. That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees constructed the subject premises.

204. That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees controlled the subject premises.

205. That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

206.     That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

207.     Plaintiff was caused to sustain serious and permanent personal injuries as a result.

208.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

209.     That Defendant, CAMMEBY'S INTERNATIONAL GROUP, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system

58

to be present at the premises; in failing to allow for adequate ingress and egress; in

approving and/or allowing inadequate and unsafe proposals and applications; in failing to

secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets

and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or

supplying and/or installing electricity at the aforesaid premises; in creating and/or

maintaining a structure that could not contain and/or handle and/or accommodate and/or

properly transfer and/or safely transfer the electricity provided; in negligently maintaining

and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or

utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or

gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe

condition; in failing in their duty to keep said electric system in a reasonably safe condition;

in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas

burner, boiler, heating system and areas to remain in a darkened, defective, hazardous

and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn

of the dangerous conditions existing thereat; in negligently performing maintenance and/or

repairs of said oil and/or gas burner, boiler and heating system; in performing construction

and/or repair in a negligent manner; in creating and permitting a trap; in improperly

designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly

clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing

to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes,

depressions, cracks, uneven segments, debris and slippery substances to develop, remain

and/or exist at said areas and/in in failing to correct same; in failing to replace defective

and/or broken parts, appurtenances and equipment; in failing to comply with contract

provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the

State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

210.     That by reason of the negligence and carelessness of Defendant, CAMMEBY'S INTERNATIONAL GROUP, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

211.     That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

61

## AS AND FOR PLAINTIFF'S ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT CAMMEBY'S CAPITAL GROUP, LLC

212.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "211" inclusive, as fully as though they were set forth herein at length.

213.    That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

214.    That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

215.    That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees leased the subject premises.

216.    That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees managed the subject premises.

217.    That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

218.    That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

62

219.      That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

220.      That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees designed the subject premises.

221.      That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

222.      That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

223.      That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

224.      That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

225.      Plaintiff was caused to sustain serious and permanent personal injuries as a result.

226.      That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

63

227.     That Defendant, CAMMEBY'S CAPITAL GROUP, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining

64

and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning

65

to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

66

supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

228.    That by reason of the negligence and carelessness of Defendant, CAMMEBY'S CAPITAL GROUP, LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

229.    That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**AS AND FOR PLAINTIFF'S TWELFTH CAUSE OF ACTION AGAINST DEFENDANT CAMMEBY'S FUNDING, LLC**

230.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "229" inclusive, as fully as though they were set forth herein at length.

231.    That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

67

232.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

233.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees leased the subject premises.

234.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees managed the subject premises.

235.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

236.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

237.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

238.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees designed the subject premises.

239.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

240.      That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, agents, servants, contractors and/or employees controlled the subject premises.

241.      That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMMEBY'S FUNDING, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

242.    That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

243.    Plaintiff was caused to sustain serious and permanent personal injuries as a result.

244.    That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

245.    That Defendant, CAMMEBY'S FUNDING, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York; in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at

69

the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract

70

provisions; in allowing said oil and/or gas burner, burner and heating system to overflow

and leak; in failing to repair said leaks; in failing to have adequate drainage systems to

contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in

making negligent repairs; in permitting and/or causing a fire; in allowing said fire to

accelerate; in failing to have proper fire safety protocols; in failing to have firefighting

equipment and/or adequate sprinkler systems at said premises; in failing to properly hire,

train and/or supervise its agents, servants and/or employees; in failing to give any warning

to signal of said dangerous condition; in permitting and allowing said areas to be in a state

of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the

safety of persons on and using said premises and steps; in failing to provide a safe

passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage

at said locations; in failing to provide adequate and properly functioning self-closing steel

doors;  in failing to provide a sprinkler system; in failing to provide an adequate and

properly functioning sprinkler system; in failing to provide an adequate heating system; in

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to

properly clean and/or maintain and/or repair said construct said oil and/or gas burner,

boiler, heating system; in failing to use due care and caution under the circumstances; in

leasing/letting the premises in the aforementioned condition; in allowing individuals to

inhabit the premises in the aforementioned condition; in allowing individuals to reside at

the premises in the aforementioned condition; in leasing the aforementioned premises to

an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number

of individuals; in allowing an unsafe number of individuals to inhabit the premises; in

overcrowding the premises; in violating the applicable statutes, rules and ordinances of the

State of New York, and the City of New York, including but not limited to the New York

City Fire Code, the New York City Building Code; in failing to take proper and adequate

measures and precautions to avoid and/or prevent the happening of the occurrence

complained of; in causing and/or allowing the subject premises to be improperly designed,

constructed, installed and maintained, and in violation of applicable codes, statutes and

standards; in failing to post warnings at aforesaid location which was in an unsafe,

dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

supporting, funding and maintaining the operation of said location; in that  no other

warning devices were set up, and/or posted indicating the dangerous condition that existed;

in failing to reasonably anticipate that persons lawfully inhabiting the subject premises

could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions

that existed; all of which Defendants, had due notice, or by reasonable inspection thereof,

might and should have had due notice of said conditions causing the injures to the plaintiff;

in failing to keep the subject premises reasonably safe; in actually creating a dangerous and

hazardous condition at the subject premises; in negligently hiring, training, supervising,

and directing their agents, servants, contractors, and/or employees; and in otherwise being

careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

246.     That by reason of the negligence and carelessness of Defendant,

CAMMEBY'S FUNDING, LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain

serious and permanent injuries.

247.     That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was

damaged in a sum that exceeds the jurisdictional limits of all lower courts that would

otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFF'S THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT SF RECTOR STREET, LLC

248.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "247" inclusive, as fully as though they were set forth herein at length.

249.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

250.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

251.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees leased the subject premises.

252.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees managed the subject premises.

253.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

254.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

255.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

256.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees designed the subject premises.

257.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

73

258.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

259.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, SF RECTOR STREET, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

260.     That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

261.     Plaintiff was caused to sustain serious and permanent personal injuries as a result.

262.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

263.     That Defendant, SF RECTOR STREET, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or

carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly

75

clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing

to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes,

depressions, cracks, uneven segments, debris and slippery substances to develop, remain

and/or exist at said areas and/in in failing to correct same; in failing to replace defective

and/or broken parts, appurtenances and equipment; in failing to comply with contract

provisions; in allowing said oil and/or gas burner, burner and heating system to overflow

and leak; in failing to repair said leaks; in failing to have adequate drainage systems to

contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in

making negligent repairs; in permitting and/or causing a fire; in allowing said fire to

accelerate; in failing to have proper fire safety protocols; in failing to have firefighting

equipment and/or adequate sprinkler systems at said premises; in failing to properly hire,

train and/or supervise its agents, servants and/or employees; in failing to give any warning

to signal of said dangerous condition; in permitting and allowing said areas to be in a state

of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the

safety of persons on and using said premises and steps; in failing to provide a safe

passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage

at said locations; in failing to provide adequate and properly functioning self-closing steel

doors;  in failing to provide a sprinkler system; in failing to provide an adequate and

properly functioning sprinkler system; in failing to provide an adequate heating system; in

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to

properly clean and/or maintain and/or repair said construct said oil and/or gas burner,

boiler, heating system; in failing to use due care and caution under the circumstances; in

leasing/letting the premises in the aforementioned condition; in allowing individuals to

inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

264.    That by reason of the negligence and carelessness of Defendant, SF RECTOR STREET, LLC, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

265.    That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFF'S FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT RICK GROPPER

266.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "265" inclusive, as fully as though they were set forth herein at length.

267.    That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

268.    That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees maintained the subject premises.

269.    That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees leased the subject premises.

270.    That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees managed the subject premises.

271.    That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees inspected the subject premises.

272.    That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees repaired the subject premises.

78

273.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees supervised the subject premises.

274.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees designed the subject premises.

275.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees constructed the subject premises.

276.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees controlled the subject premises.

277.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, RICK GROPPER, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

278.     That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

279.     Plaintiff was caused to sustain serious and permanent personal injuries as a result.

280.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

281.     That Defendant, RICK GROPPER, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York; in failing to properly secure the unsafe premises; in failing

79

to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner,

80

boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel

81

doors; in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof,

82

might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

282.    That by reason of the negligence and carelessness of Defendant, RICK GROPPER, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

283.    That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR PLAINTIFF'S FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT ANDREW MOELIS

284.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "283" inclusive, as fully as though they were set forth herein at length.

285.    That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

286.    That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees maintained the subject premises.

287.    That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees leased the subject premises.

288.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees managed the subject premises.

289.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees inspected the subject premises.

290.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees repaired the subject premises.

291.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees supervised the subject premises.

292.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees designed the subject premises.

293.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees constructed the subject premises.

294.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees controlled the subject premises.

295.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, ANDREW MOELIS, their agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

296.     That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

297.     Plaintiff was caused to sustain serious and permanent personal injuries as a result.

84

298.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

299.     That Defendant, ANDREW MOELIS, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York; in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure

85

Case 1:22-cv-00390-JPC   Document 1-1   Filed 01/14/22   Page 87 of 97

that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting

86

equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and

87

standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiff; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

300.    That by reason of the negligence and carelessness of Defendant, ANDREW MOELIS, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and permanent injuries.

301.    That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**AS AND FOR PLAINTIFF'S SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANT RUBIN SCHRON**

302.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "301" inclusive, as fully as though they were set forth herein at length.

88

303.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

304.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees maintained the subject premises.

305.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees leased the subject premises.

306.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees managed the subject premises.

307.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees inspected the subject premises.

308.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees repaired the subject premises.

309.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees supervised the subject premises.

310.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees designed the subject premises.

311.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees constructed the subject premises.

312.    That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees controlled the subject premises.

313.    That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, RUBIN SCHRON, their agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

314.    That on January 9, 2022, while Plaintiff was lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

315.    Plaintiff was caused to sustain serious and permanent personal injuries as a result.

316.    That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiff contributing thereto.

317.    That Defendant, RUBIN SCHRON, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York; in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon

90

monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes,

91

depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to

an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number

of individuals; in allowing an unsafe number of individuals to inhabit the premises; in

overcrowding the premises; in violating the applicable statutes, rules and ordinances of the

State of New York, and the City of New York, including but not limited to the New York

City Fire Code, the New York City Building Code; in failing to take proper and adequate

measures and precautions to avoid and/or prevent the happening of the occurrence

complained of; in causing and/or allowing the subject premises to be improperly designed,

constructed, installed and maintained, and in violation of applicable codes, statutes and

standards; in failing to post warnings at aforesaid location which was in an unsafe,

dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

supporting, funding and maintaining the operation of said location; in that  no other

warning devices were set up, and/or posted indicating the dangerous condition that existed;

in failing to reasonably anticipate that persons lawfully inhabiting the subject premises

could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions

that existed; all of which Defendants, had due notice, or by reasonable inspection thereof,

might and should have had due notice of said conditions causing the injures to the plaintiff;

in failing to keep the subject premises reasonably safe; in actually creating a dangerous and

hazardous condition at the subject premises; in negligently hiring, training, supervising,

and directing their agents, servants, contractors, and/or employees; and in otherwise being

careless, reckless and negligent. Plaintiff also pleads the Doctrine of Res Ipsa Loquitur.

318.    That by reason of the negligence and carelessness of Defendant, RUBIN

SCHRON, Plaintiff HULLAMTOU CEESAY was caused to sustain serious and

permanent injuries.

93

319.     That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR PLAINTIFF'S SEVENTEENTH CAUSE OF ACTION AGAINST DEFENDANTS, CODEFENDANTS JOINTLY AND SEVERALLY

320.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "319" inclusive, as fully as though they were set forth herein at length.

321.     At the times herein alleged, Defendants, Co-Defendants jointly and severally acted with gross negligence, recklessness, willful conduct, wanton and conscious disregard of the rights and safety of the plaintiff, HULLAMTOU CEESAY, and the public. By the foregoing Plaintiff, HULLAMTOU CEESAY, requests and is entitled to an award of punitive and exemplary damages in the sum of FIVE HUNDRED MILLION ($500,000,000.00) DOLLARS.

**W H E R E F O R E**, Plaintiff, HULLAMTOU CEESAY, demands judgment against Defendants, BRONX PARK PHASE III PRESERVATION LLC, BRONX PHASE III HOUSING COMPANY, INC., NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., LIHC INVESTMENT GROUP, LIHC ACQUISITION COMPANY LLC, LP SOLUTIONS FUND, LLC, BELVERON PARTNERS, BELVERON NY PRESERVATION, LLC, CAMBER PROPERTY GROUP, LLC, CAMMEBY'S INTERNATIONAL GROUP, CAMMEBY'S CAPITAL GROUP, LLC, CAMMEBY'S FUNDING, LLC, SF RECTOR STREET, LLC, RICK GROPPER, ANDREW MOELIS, and RUBIN SCHRON, jointly and severally, on each of these causes of action in an amount that exceeds the jurisdictional limits of all lower courts that would

94

otherwise have jurisdiction over this matter and for the costs and disbursements of this

action.

DATED: Westbury, New York
         January 12, 2022

                                    Yours, etc.,
                                  **EDELMAN, KRASIN & JAYE, PLLC**
                                  Attorney for Plaintiff

BY: _____
                                  PAUL B. EDELMAN., ESQ.
                                  Address & P.O. Address
                                  7001 Brush Hollow Road, Suite 100
                                  Westbury, NY 11590
                                  (516) 742-9200

Case 1:22-cv-00390-JPC   Document 1-1   Filed 01/14/22   Page 97 of 97

### VERIFICATION

I, PAUL B. EDELMAN, ESQ., the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, for Plaintiff, HULLAMTOU CEESAY, have read the annexed Plaintiff's **SUMMONS AND VERIFIED COMPLAINT**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Books, papers, records in possession.

I affirm that the following statements are true under penalties of perjury.

_____
PAUL B. EDELMAN, ESQ

Dated: January 12, 2022
        Westbury, New York

96