UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HULLAMTOU CEESAY and HAJA KAMARA,           1:22-cv-00390-JPC

                         Plaintiffs,                 **AMENDED**
        -against-                                 **VERIFIED**
                                             **COMPLAINT**
BRONX PARK PHASE III PRESERVATION LLC,      **AND JURY TRIAL**
BRONX PHASE III HOUSING COMPANY, INC.,       **DEMAND**
NYC PARTNERSHIP HOUSING DEVELOPMENT
FUND COMPANY, INC., LIHC INVESTMENT GROUP,
LIHC ACQUISITION COMPANY LLC, LP
SOLUTIONS FUND, LLC, BELVERON
PARTNERS, BELVERON NY PRESERVATION, LLC,
CAMBER PROPERTY GROUP, LLC, CAMMEBY'S
INTERNATIONAL GROUP, CAMMEBY'S CAPITAL
GROUP, LLC, CAMMEBY'S FUNDING, LLC,
SF RECTOR STREET, LLC, RICK GROPPER,
ANDREW MOELIS and RUBIN SCHRON,

                       Defendants.
------------------------------------------------------------------------X

       Plaintiffs, HULLAMTOU CEESAY and HAJA KAMARA, by their attorneys

EDELMAN KRASIN & JAYE, PLLC, complaining of the defendants, BRONX PARK

PHASE III PRESERVATION LLC, BRONX PHASE III HOUSING COMPANY, INC.,

NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., LIHC

INVESTMENT GROUP, LIHC ACQUISITION COMPANY LLC, LP SOLUTIONS

FUND, LLC, BELVERON PARTNERS, BELVERON NY PRESERVATION, LLC,

CAMBER PROPERTY GROUP, LLC, CAMMEBY'S INTERNATIONAL GROUP,

CAMMEBY'S CAPITAL GROUP, LLC, CAMMEBY'S FUNDING, LLC, SF RECTOR

STREET, LLC, RICK GROPPER, ANDREW MOELIS, and RUBIN SCHRON, hereby

allege the following under penalties of perjury and upon information and belief:

1

1.      Upon information and belief, at all times hereinafter mentioned, Plaintiff, HULLAMTOU CEESAY, was and still is a resident of the State of Georgia.

2.      Upon information and belief, at all times hereinafter mentioned, Plaintiff, HAJA KAMARA, was and still is a resident of the State of New York.

3.      Upon information and belief, at all times hereinafter mentioned Defendant, BRONX PARK PHASE III PRESERVATION LLC, was and still is a domestic limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

4.      Upon information and belief, at all times hereinafter mentioned, Defendant, BRONX PARK PHASE III PRESERVATION LLC, transacted business in the State of New York.

5.      Upon information and belief, at all times hereinafter mentioned Defendant, BRONX PHASE III HOUSING COMPANY, INC., was and still is a domestic limited-profit housing company duly organized and existing under and by virtue of the laws of the State of New York.

6.      Upon information and belief, at all times hereinafter mentioned, Defendant BRONX PHASE III HOUSING COMPANY, INC., transacted business in the State of New York.

7.      Upon information and belief, at all times hereinafter mentioned Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., was and still is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, at all times hereinafter mentioned, Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., transacted business in the State of New York.

9.      Upon information and belief, at all times hereinafter mentioned, Defendant, LIHC INVESTMENT GROUP, was a domestic business entity, duly organized and existing under and by virtue of the laws of the State of New York.

10.     Upon information and belief, at all times hereinafter mentioned, Defendant, LIHC INVESTMENT GROUP, transacted business in the State of New York.

11.     Upon information and belief, at all times hereinafter mentioned Defendant, LIHC ACQUISITION COMPANY LLC, was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

12.     Upon information and belief, at all times hereinafter mentioned, Defendant, LIHC ACQUISITION COMPANY LLC, transacted business in the State of New York.

13.     Upon information and belief, at all times hereinafter mentioned Defendant, LP SOLUTIONS FUND, LLC, was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

14.     Upon information and belief, at all times hereinafter mentioned, Defendant LP SOLUTIONS FUND, LLC, transacted business in the State of New York.

15.     Upon information and belief, at all times hereinafter mentioned, Defendant, BELVERON PARTNERS, was a domestic business entity, duly organized and existing under and by virtue of the laws of the State of New York.

16.     Upon information and belief, at all times hereinafter mentioned, Defendant, BELVERON PARTNERS, transacted business in the State of New York.

17.     Upon information and belief, at all times hereinafter mentioned Defendant, BELVERON NY PRESERVATION, LLC, was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

18.     Upon information and belief, at all times hereinafter mentioned, Defendant, BELVERON NY PRESERVATION, LLC, transacted business in the State of New York.

19.     Upon information and belief, at all times hereinafter mentioned Defendant, CAMBER PROPERTY GROUP, LLC was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

20.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMBER PROPERTY GROUP, LLC, transacted business in the State of New York.

21.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S INTERNATIONAL GROUP, was a domestic business entity, duly organized and existing under and by virtue of the laws of the State of New York.

22.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S INTERNATIONAL GROUP, transacted business in the State of New York.

23.     Upon information and belief, at all times hereinafter mentioned Defendant, CAMMEBY'S CAPITAL GROUP, LLC, was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

24.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S CAPITAL GROUP, LLC, transacted business in the State of New York.

25.     Upon information and belief, at all times hereinafter mentioned Defendant, CAMMEBY'S FUNDING, LLC, was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

26.     Upon information and belief, at all times hereinafter mentioned, Defendant, CAMMEBY'S FUNDING, LLC, transacted business in the State of New York.

27.     Upon information and belief, at all times hereinafter mentioned Defendant, SF RECTOR STREET, LLC, was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

28.     Upon information and belief, at all times hereinafter mentioned, Defendant, SF RECTOR STREET, LLC, transacted business in the State of New York.

29.     Upon information and belief, at all times hereinafter mentioned, Defendant, RICK GROPPER, was and still is a resident of the State of New York.

30.     Upon information and belief, at all times hereinafter mentioned, Defendant, ANDREW MOELIS, was and still is a resident of the State of New York.

31.     Upon information and belief, at all times hereinafter mentioned, Defendant, RUBIN SCHRON, was and still is a resident of the State of New York.

32.     This action falls within one or more of the exceptions set forth in Article 16 of the C.P.L.R.

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION AGAINST DEFENDANT BRONX PARK PHASE III PRESERVATION LLC

33.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "32" inclusive, as fully as though they were set forth herein at length.

34.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

35.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees maintained the subject premises.

36.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC its agents, servants, contractors and/or employees leased the subject premises.

37.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees managed the subject premises.

38.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees inspected the subject premises.

39.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees repaired the subject premises.

40.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees supervised the subject premises.

41.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees designed the subject premises.

42.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees constructed the subject premises.

43.     That on and before January 9, 2022, Defendant BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, contractors and/or employees controlled the subject premises.

44.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BRONX PARK PHASE III PRESERVATION LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

45.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

46.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

47.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

7

48.     That Defendant, BRONX PARK PHASE III PRESERVATION LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining

8

and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning

9

to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

supporting, funding and maintaining the operation of said location; in that   no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

49.    That by reason of the negligence and carelessness of Defendant, BRONX PARK PHASE III PRESERVATION LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA were caused to sustain serious and permanent injuries.

50.    That by reason of the foregoing Plaintiffs, HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST DEFENDANT BRONX PHASE III HOUSING COMPANY, INC.

51. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "50" inclusive, as fully as though they were set forth herein at length.

52. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees owned the premises

11

located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

53. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees maintained the subject premises.

54. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees leased the subject premises.

55. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees managed the subject premises.

56. That on and before January 9, 2022, BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees inspected the subject premises.

57. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees repaired the subject premises.

58. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees supervised the subject premises.

59. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees designed the subject premises.

60. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees constructed the subject premises.

61. That on and before January 9, 2022, Defendant BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, contractors and/or employees controlled the subject premises.

62. That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BRONX PHASE III HOUSING COMPANY, INC., its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

63. That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

64. Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

65. That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

66. That Defendant, BRONX PHASE III HOUSING COMPANY, INC., their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the

13

premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn

of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;   in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and

16

hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

67. That by reason of the negligence and carelessness of Defendant BRONX PHASE III HOUSING COMPANY, INC., Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

68. That by reason of the foregoing Plaintiffs, HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION AGAINST DEFENDANT NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC.

69. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "68" inclusive, as fully as though they were set forth herein at length.

70. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

71. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees maintained the subject premises.

72. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees leased the subject premises.

73. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees managed the subject premises.

74. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees inspected the subject premises.

75. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees repaired the subject premises.

76. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees supervised the subject premises.

77. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees designed the subject premises.

78. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees constructed the subject premises.

79. That on and before January 9, 2022, Defendant NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, contractors and/or employees controlled the subject premises.

80. That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

81. That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

82. Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

83. That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

84. That Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect

the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing threat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in

20

creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors; in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due

care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing

22

their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

85. That by reason of the negligence and carelessness of Defendant, NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA were caused to sustain serious and permanent injuries.

86. That by reason of the foregoing Plaintiffs, HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST DEFENDANT LIHC INVESTMENT GROUP

87. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "86" inclusive, as fully as though they were set forth herein at length.

88. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

89. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees maintained the subject premises.

90. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees leased the subject premises.

91. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees managed the subject premises.

92. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees inspected the subject premises.

93. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees repaired the subject premises.

94. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees supervised the subject premises.

95. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees designed the subject premises.

96. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees constructed the subject premises.

97. That on and before January 9, 2022, Defendant LIHC INVESTMENT GROUP, its agents, servants, contractors and/or employees controlled the subject premises.

98. That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, LIHC INVESTMENT GROUP, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

99. That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

100.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

101.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

102.     That Defendant, LIHC INVESTMENT GROUP, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or

25

supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning

26

to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

27

supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

103.      That by reason of the negligence and carelessness of Defendant, LIHC INVESTMENT GROUP, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

104.      That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION AGAINST DEFENDANT LIHC ACQUISITION COMPANY LLC

105.      Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "104" inclusive, as fully as though they were set forth herein at length.

106.      That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees owned the premises

located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

107.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees maintained the subject premises.

108.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees leased the subject premises.

109.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees managed the subject premises.

110.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees inspected the subject premises.

111.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees repaired the subject premises.

112.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees supervised the subject premises.

113.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees designed the subject premises.

114.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees constructed the subject premises.

115.     That on and before January 9, 2022, Defendant LIHC ACQUISITION COMPANY LLC, its agents, servants, contractors and/or employees controlled the subject premises.

116.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, LIHC ACQUISITION COMPANY LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

117.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

118.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

119.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

120.     That Defendant, LIHC ACQUISITION COMPANY LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the

premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn

31

of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and

33

hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

121.    That by reason of the negligence and carelessness of Defendant, LIHC ACQUISITION COMPANY LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

122.    That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' SIXTH CAUSE OF ACTION AGAINST DEFENDANT LP SOLUTIONS FUND, LLC

123.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "122" inclusive, as fully as though they were set forth herein at length.

124.    That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

125.    That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

126.    That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees leased the subject premises.

127.    That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees managed the subject premises.

128.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

129.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

130.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

131.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees designed the subject premises.

132.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

133.     That on and before January 9, 2022, Defendant LP SOLUTIONS FUND, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

134.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, LP SOLUTIONS FUND, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

135.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

136.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

137.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

138.     That Defendant, LP SOLUTIONS FUND, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or

supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning

37

to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

139.     That by reason of the negligence and carelessness of Defendant, LP SOLUTIONS FUND, LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

140.     That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' SEVENTH CAUSE OF ACTION AGAINST DEFENDANT BELVERON PARTNERS

141.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "140" inclusive, as fully as though they were set forth herein at length.

142.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

39

143.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees maintained the subject premises.

144.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees leased the subject premises.

145.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees managed the subject premises.

146.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees inspected the subject premises.

147.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees repaired the subject premises.

148.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees supervised the subject premises.

149.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees designed the subject premises.

150.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees constructed the subject premises.

151.     That on and before January 9, 2022, Defendant BELVERON PARTNERS, its agents, servants, contractors and/or employees controlled the subject premises.

152.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BELVERON PARTNERS, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

153.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

154.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

155.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

156.     That Defendant, BELVERON PARTNERS, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at

the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing threat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract

provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the

43

State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

157.     That by reason of the negligence and carelessness of Defendant, BELVERON PARTNERS, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

158.     That by reason of the foregoing Plaintiff, HULLAMTOU CEESAY, was damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' EIGHTH CAUSE OF ACTION AGAINST DEFENDANT BELVERON NY PRESERVATION, LLC

159.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "158" inclusive, as fully as though they were set forth herein at length.

160.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

161.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

162.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees leased the subject premises.

163.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees managed the subject premises.

164.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

165.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

166.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

167.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees designed the subject premises.

168.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

169.     That on and before January 9, 2022, Defendant BELVERON NY PRESERVATION, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

170.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, BELVERON NY PRESERVATION, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

171.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

172.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

173.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

46

174.      That Defendant, BELVERON NY PRESERVATION, LLC, their agents,
employees and/or servants were negligent and careless jointly and/or severally with Co-
Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe
state, to be maintained/inhabited while in violation of the rules and regulations of the State
of New York and the City of New York;  in failing to properly secure the unsafe premises;
in failing to properly supervise the premises; in failing to adequately fireproof the premises;
in failing to make sure adequate fire proofing existed, was installed, and in use at the
premises; in failing to properly inspect the premises; in refusing requests to repair and/or
remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in
creating a fire hazard; in failing to police and/or inspect the premises; in failing to install
fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or
smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke
and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke
and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or
carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon
monoxide alarms; in allowing and permitting an inadequate and defective electrical system
to be present at the premises; in failing to allow for adequate ingress and egress; in
approving and/or allowing inadequate and unsafe proposals and applications; in failing to
secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets
and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or
supplying and/or installing electricity at the aforesaid premises; in creating and/or
maintaining a structure that could not contain and/or handle and/or accommodate and/or
properly transfer and/or safely transfer the electricity provided; in negligently maintaining

and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing threat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning

48

to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

175.    That by reason of the negligence and carelessness of Defendant, BELVERON NY PRESERVATION, LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

176.    That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' NINTH CAUSE OF ACTION AGAINST DEFENDANT CAMBER PROPERTY GROUP, LLC

177.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "176" inclusive, as fully as though they were set forth herein at length.

178.    That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees owned the premises

located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

179.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

180.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees leased the subject premises.

181.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees managed the subject premises.

182.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

183.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

184.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

185.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees designed the subject premises.

186.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

187.     That on and before January 9, 2022, Defendant CAMBER PROPERTY GROUP, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

188.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMBER PROPERTY GROUP, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

189.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

190.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

191.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

192.     That Defendant, CAMBER PROPERTY GROUP, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the

premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn

53

of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and

55

hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

193.     That by reason of the negligence and carelessness of Defendant, CAMBER PROPERTY GROUP, LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

194.     That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' TENTH CAUSE OF ACTION AGAINST DEFENDANT CAMMEBY'S INTERNATIONAL GROUP

195.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "194" inclusive, as fully as though they were set forth herein at length.

196.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

197.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees maintained the subject premises.

198.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees leased the subject premises.

199.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees managed the subject premises.

200.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees inspected the subject premises.

201.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees repaired the subject premises.

202.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees supervised the subject premises.

203.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees designed the subject premises.

204.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees constructed the subject premises.

205.     That on and before January 9, 2022, Defendant CAMMEBY'S INTERNATIONAL GROUP, its agents, servants, contractors and/or employees controlled the subject premises.

206.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMMEBY'S INTERNATIONAL GROUP, its agents,

servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

207.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

208.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

209.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

210.     That Defendant, CAMMEBY'S INTERNATIONAL GROUP, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or

carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain

and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number

60

of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

211.    That by reason of the negligence and carelessness of Defendant, CAMMEBY'S INTERNATIONAL GROUP, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

212.     That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and

HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower

courts that would otherwise have jurisdiction over this matter.

### AS AND FOR PLAINTIFFS' ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT CAMMEBY'S CAPITAL GROUP, LLC

213.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained

in paragraphs of this complaint designated "1" through "212" inclusive, as fully as though

they were set forth herein at length.

214.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL

GROUP, LLC, its agents, servants, contractors and/or employees owned the premises

located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the

subject premises"].

215.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL

GROUP, LLC, its agents, servants, contractors and/or employees maintained the subject

premises.

216.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL

GROUP, LLC, its agents, servants, contractors and/or employees leased the subject

premises.

217.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL

GROUP, LLC, its agents, servants, contractors and/or employees managed the subject

premises.

218.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL

GROUP, LLC, its agents, servants, contractors and/or employees inspected the subject

premises.

219.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

220.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

221.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees designed the subject premises.

222.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

223.     That on and before January 9, 2022, Defendant CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

224.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMMEBY'S CAPITAL GROUP, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

225.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

226.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

227.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

228.     That Defendant, CAMMEBY'S CAPITAL GROUP, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or

maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting

65

equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and

standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

229.    That by reason of the negligence and carelessness of Defendant, CAMMEBY'S CAPITAL GROUP, LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

230.    That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' TWELFTH CAUSE OF ACTION AGAINST DEFENDANT CAMMEBY'S FUNDING, LLC

231.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs of this complaint designated "1" through "230" inclusive, as fully as though they were set forth herein at length.

232.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

233.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees maintained the subject premises.

234.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees leased the subject premises.

235.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees managed the subject premises.

236.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees inspected the subject premises.

237.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees repaired the subject premises.

238.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees supervised the subject premises.

239.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees designed the subject premises.

240.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

241.     That on and before January 9, 2022, Defendant CAMMEBY'S FUNDING, LLC, agents, servants, contractors and/or employees controlled the subject premises.

242.    That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, CAMMEBY'S FUNDING, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

243.    That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

244.    Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

245.    That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

246.    That Defendant, CAMMEBY'S FUNDING, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon

monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes,

depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to

71

an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

247.      That by reason of the negligence and carelessness of Defendant, CAMMEBY'S FUNDING, LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

248.     That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and

HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower

courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT SF RECTOR STREET, LLC

249.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained

in paragraphs of this complaint designated "1" through "248" inclusive, as fully as though

they were set forth herein at length.

250.     That on and before January 9, 2022, Defendant SF RECTOR STREET,

LLC, its agents, servants, contractors and/or employees owned the premises located at 333

East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

251.     That on and before January 9, 2022, Defendant SF RECTOR STREET,

LLC, its agents, servants, contractors and/or employees maintained the subject premises.

252.     That on and before January 9, 2022, Defendant SF RECTOR STREET,

LLC, its agents, servants, contractors and/or employees leased the subject premises.

253.     That on and before January 9, 2022, Defendant SF RECTOR STREET,

LLC, its agents, servants, contractors and/or employees managed the subject premises.

254.     That on and before January 9, 2022, Defendant SF RECTOR STREET,

LLC, its agents, servants, contractors and/or employees inspected the subject premises.

255.     That on and before January 9, 2022, Defendant SF RECTOR STREET,

LLC, its agents, servants, contractors and/or employees repaired the subject premises.

256.     That on and before January 9, 2022, Defendant SF RECTOR STREET,

LLC, its agents, servants, contractors and/or employees supervised the subject premises.

257.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees designed the subject premises.

258.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees constructed the subject premises.

259.     That on and before January 9, 2022, Defendant SF RECTOR STREET, LLC, its agents, servants, contractors and/or employees controlled the subject premises.

260.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, SF RECTOR STREET, LLC, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

261.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

262.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

263.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

264.     That Defendant, SF RECTOR STREET, LLC, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in

74

failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the

75

dangerous conditions existing threat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and

77

hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

265.     That by reason of the negligence and carelessness of Defendant, SF RECTOR STREET, LLC, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

266.     That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT RICK GROPPER

267.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "266" inclusive, as fully as though they were set forth herein at length.

268.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

269.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees maintained the subject premises.

270.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees leased the subject premises.

271.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees managed the subject premises.

272.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees inspected the subject premises.

273.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees repaired the subject premises.

274.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees supervised the subject premises.

275.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees designed the subject premises.

276.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees constructed the subject premises.

277.     That on and before January 9, 2022, Defendant RICK GROPPER, their agents, servants, contractors and/or employees controlled the subject premises.

278.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, RICK GROPPER, its agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

279.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

280.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

281.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

282.      That Defendant, RICK GROPPER, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or

supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning

81

to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring,

supporting, funding and maintaining the operation of said location; in that no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

283.    That by reason of the negligence and carelessness of Defendant, RICK GROPPER, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

284.    That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT ANDREW MOELIS

285.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "284" inclusive, as fully as though they were set forth herein at length.

286.    That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

287.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees maintained the subject premises.

288.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees leased the subject premises.

289.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees managed the subject premises.

290.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees inspected the subject premises.

291.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees repaired the subject premises.

292.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees supervised the subject premises.

293.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees designed the subject premises.

294.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees constructed the subject premises.

295.     That on and before January 9, 2022, Defendant ANDREW MOELIS, their agents, servants, contractors and/or employees controlled the subject premises.

296.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, ANDREW MOELIS, their agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

297.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

298.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

299.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

300.     That Defendant, ANDREW MOELIS, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at

the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition;  in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes, depressions, cracks, uneven segments, debris and slippery substances to develop, remain and/or exist at said areas and/in in failing to correct same; in failing to replace defective and/or broken parts, appurtenances and equipment; in failing to comply with contract

provisions; in allowing said oil and/or gas burner, burner and heating system to overflow and leak; in failing to repair said leaks; in failing to have adequate drainage systems to contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in making negligent repairs; in permitting and/or causing a fire; in allowing said fire to accelerate; in failing to have proper fire safety protocols; in failing to have firefighting equipment and/or adequate sprinkler systems at said premises; in failing to properly hire, train and/or supervise its agents, servants and/or employees; in failing to give any warning to signal of said dangerous condition; in permitting and allowing said areas to be in a state of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the safety of persons on and using said premises and steps; in failing to provide a safe passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage at said locations; in failing to provide adequate and properly functioning self-closing steel doors;  in failing to provide a sprinkler system; in failing to provide an adequate and properly functioning sprinkler system; in failing to provide an adequate heating system; in failing to provide an intercom system; in failing to provide sufficient lighting; in failing to properly clean and/or maintain and/or repair said construct said oil and/or gas burner, boiler, heating system; in failing to use due care and caution under the circumstances; in leasing/letting the premises in the aforementioned condition; in allowing individuals to inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the

State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

301.     That by reason of the negligence and carelessness of Defendant, ANDREW MOELIS, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

302.     That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANT RUBIN SCHRON

303.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "302" inclusive, as fully as though they were set forth herein at length.

304.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees owned the premises located at 333 East 181st Street, County of Bronx, State of New York [hereinafter "the subject premises"].

305.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees maintained the subject premises.

306.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees leased the subject premises.

307.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees managed the subject premises.

308.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees inspected the subject premises.

309.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees repaired the subject premises.

310.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees supervised the subject premises.

311.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees designed the subject premises.

312.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees constructed the subject premises.

313.     That on and before January 9, 2022, Defendant RUBIN SCHRON, their agents, servants, contractors and/or employees controlled the subject premises.

314.     That on and before January 9, 2022, and at all times hereinafter mentioned, it was the duty of Defendant, RUBIN SCHRON, their agents, servants, and/or employees to keep and maintain the subject premises in a reasonably safe condition.

315.     That on January 9, 2022, while Plaintiffs were lawfully present at the aforementioned subject premises, a major fire ignited and spread rapidly to multiple parts of the subject building.

316.     Plaintiffs were caused to sustain serious and permanent personal injuries as a result.

317.     That the said occurrence was due solely to the joint and several negligence and carelessness of the defendants herein and without the plaintiffs contributing thereto.

318.     That Defendant, RUBIN SCHRON, their agents, employees and/or servants were negligent and careless jointly and/or severally with Co-Defendants, their agents, servants and/or employees: in allowing the premises, in its unsafe state, to be maintained/inhabited while in violation of the rules and regulations of the State of New York and the City of New York;  in failing to properly secure the unsafe premises; in failing to properly supervise the premises; in failing to adequately fireproof the premises; in failing to make sure adequate fire proofing existed, was installed, and in use at the premises; in failing to properly inspect the premises; in refusing requests to repair and/or remedy and/or restore and/or retrofit and/or fix and/or fireproof the subject premises; in creating a fire hazard; in failing to police and/or inspect the premises; in failing to install fire and/or smoke and/or carbon monoxide alarms; in failing to install adequate fire and/or smoke and/or

carbon monoxide alarms; in failing to install sufficient fire and/or smoke and/or carbon monoxide alarms; in failing to install properly functioning fire and/or smoke and/or carbon monoxide alarms; in failing to properly place fire and/or smoke and/or carbon monoxide alarms; in allowing inadequate and/or defective fire, smoke and carbon monoxide alarms; in allowing and permitting an inadequate and defective electrical system to be present at the premises; in failing to allow for adequate ingress and egress; in approving and/or allowing inadequate and unsafe proposals and applications; in failing to secure electricity outlets and/or conduits and/or sources; in failing to secure gas outlets and/or conduits and/or sources; in negligently maintaining and/or utilizing and/or supplying and/or installing electricity at the aforesaid premises; in creating and/or maintaining a structure that could not contain and/or handle and/or accommodate and/or properly transfer and/or safely transfer the electricity provided; in negligently maintaining and/or utilizing and/or supplying and/or installing gas; in negligently maintaining and/or utilizing and/or supplying and/or installing oil; in failing in their duty to keep the oil and/or gas burner, furnace, boiler, heating system and areas at the premises in a reasonably safe condition; in failing in their duty to keep said electric system in a reasonably safe condition; in failing to properly inspect; in creating, permitting and/or allowing said oil and/or gas burner, boiler, heating system and areas to remain in a darkened, defective, hazardous and/or dangerous condition; in failing to erect guards, barriers, fences or to otherwise warn of the dangerous conditions existing thereat; in negligently performing maintenance and/or repairs of said oil and/or gas burner, boiler and heating system; in performing construction and/or repair in a negligent manner; in creating and permitting a trap; in improperly designing said oil and/or gas burner, boiler, heating system and areas; in failing to properly

clear areas of dirt, debris, oil, water and slippery substances; in failing to repair; in failing

to warn; in failing to properly clean and/or clear said areas; in allowing pits, holes,

depressions, cracks, uneven segments, debris and slippery substances to develop, remain

and/or exist at said areas and/in in failing to correct same; in failing to replace defective

and/or broken parts, appurtenances and equipment; in failing to comply with contract

provisions; in allowing said oil and/or gas burner, burner and heating system to overflow

and leak; in failing to repair said leaks; in failing to have adequate drainage systems to

contain and/or otherwise eliminate leaks; in having and/or employing incompetent help; in

making negligent repairs; in permitting and/or causing a fire; in allowing said fire to

accelerate; in failing to have proper fire safety protocols; in failing to have firefighting

equipment and/or adequate sprinkler systems at said premises; in failing to properly hire,

train and/or supervise its agents, servants and/or employees; in failing to give any warning

to signal of said dangerous condition; in permitting and allowing said areas to be in a state

of disrepair; in failing to inspect; in failing to take suitable and proper precautions for the

safety of persons on and using said premises and steps; in failing to provide a safe

passageway; in causing, allowing and permitting an obstruction to Plaintiffs' safe passage

at said locations; in failing to provide adequate and properly functioning self-closing steel

doors;  in failing to provide a sprinkler system; in failing to provide an adequate and

properly functioning sprinkler system; in failing to provide an adequate heating system; in

failing to provide an intercom system; in failing to provide sufficient lighting; in failing to

properly clean and/or maintain and/or repair said construct said oil and/or gas burner,

boiler, heating system; in failing to use due care and caution under the circumstances; in

leasing/letting the premises in the aforementioned condition; in allowing individuals to

inhabit the premises in the aforementioned condition; in allowing individuals to reside at the premises in the aforementioned condition; in leasing the aforementioned premises to an unsafe number of tenants; in leasing the aforementioned premises to an unsafe number of individuals; in allowing an unsafe number of individuals to inhabit the premises; in overcrowding the premises; in violating the applicable statutes, rules and ordinances of the State of New York, and the City of New York, including but not limited to the New York City Fire Code, the New York City Building Code; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of; in causing and/or allowing the subject premises to be improperly designed, constructed, installed and maintained, and in violation of applicable codes, statutes and standards; in failing to post warnings at aforesaid location which was in an unsafe, dangerous and hazardous condition; in negligently, carelessly and recklessly hiring, supporting, funding and maintaining the operation of said location; in that  no other warning devices were set up, and/or posted indicating the dangerous condition that existed; in failing to reasonably anticipate that persons lawfully inhabiting the subject premises could sustain physical injuries by reason of the unsafe, dangerous and hazardous conditions that existed; all of which Defendants, had due notice, or by reasonable inspection thereof, might and should have had due notice of said conditions causing the injures to the plaintiffs; in failing to keep the subject premises reasonably safe; in actually creating a dangerous and hazardous condition at the subject premises; in negligently hiring, training, supervising, and directing their agents, servants, contractors, and/or employees; and in otherwise being careless, reckless and negligent. Plaintiffs also plead the Doctrine of Res Ipsa Loquitur.

319.     That by reason of the negligence and carelessness of Defendant, RUBIN SCHRON, Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were caused to sustain serious and permanent injuries.

320.     That by reason of the foregoing Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA, were damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR PLAINTIFFS' SEVENTEENTH CAUSE OF ACTION AGAINST DEFENDANTS, CODEFENDANTS JOINTLY AND SEVERALLY

321.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "320" inclusive, as fully as though they were set forth herein at length.

322.     At the times herein alleged, Defendants, Co-Defendants jointly and severally acted with gross negligence, recklessness, willful conduct, wanton and conscious disregard of the rights and safety of Plaintiffs HULLAMTOU CEESAY and HAJA KAMARA and the public. By the foregoing Plaintiffs, HULLAMTOU CEESAY and HAJA KAMARA, request and are entitled to an award of punitive and exemplary damages in the sum of FIVE HUNDRED MILLION ($500,000,000.00) DOLLARS each.

## DEMAND FOR JURY TRIAL

323.     Plaintiffs hereby demands a trial by jury of all issues so triable.

**W H E R E F O R E**, Plaintiffs, HULLAMTOU CEESAY and HAJA KAMARA, demands judgment against Defendants, BRONX PARK PHASE III PRESERVATION LLC, BRONX PHASE III HOUSING COMPANY, INC., NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., LIHC INVESTMENT GROUP,

LIHC ACQUISITION COMPANY LLC, LP SOLUTIONS FUND, LLC, BELVERON

PARTNERS, BELVERON NY PRESERVATION, LLC, CAMBER PROPERTY

GROUP, LLC, CAMMEBY'S FUNDING, LLC, SF RECTOR STREET, LLC, RICK

GROPPER, ANDREW MOELIS, and RUBIN SCHRON, jointly and severally, on each of

these causes of action in an amount that exceeds the jurisdictional limits of all lower courts

that would otherwise have jurisdiction over this matter and for the costs and disbursements

of this action.

DATED: Westbury, New York
          January 25, 2022

                              Yours, etc.,
                              **EDELMAN, KRASIN & JAYE, PLLC**
                              Attorney for Plaintiffs

BY:_____
                              DANIEL J. SOLINSKY, ESQ.
                              7001 Brush Hollow Road, Suite 100
                              Westbury, NY 11590
                              (516) 742-9200

95

## **VERIFICATION**

I, DANIEL J. SOLINSKY, ESQ., the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, for Plaintiffs, **HULLAMTOU CEESAY and HAJA KAMARA**, have read the annexed Plaintiffs' **SUMMONS AND VERIFIED COMPLAINT**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. The reason the Plaintiffs are not verifying the complaint themselves is that they are not found in the county in which the undersigned maintains a law office. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Books, papers, records in possession.

I affirm that the following statements are true under penalties of perjury.

DANIEL J. SOLINSKY, ESQ

Dated: January 25, 2022
     Westbury, New York