UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
HULLAMTOU CEESAY and HAJA KAMARA, :
:
                Plaintiffs, :
:    22 Civ. 390 (JPC)
     -v- :
:    ORDER
BRONX PARK PHASE III PRESERVATION LLC *et* :
*al.*, :
:
                Defendants. :
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    On January 12, 2022, Plaintiff Hullamtou Ceesay filed suit against Defendants in the Supreme Court of New York for Bronx County, alleging serious personal injuries suffered during a large fire in an apartment building in the Bronx on January 9, 2022. Dkt. 1, Exh. A. Defendants Cammeby's Capital Group, LLC, Cammeby's Funding, LLC, SF Rector Street, LLC, and Rubin Schron (the "Removing Defendants") then removed the case to this Court on January 14, 2022. Dkt. 1. The Removing Defendants alleged that the action was "removable . . . under 28 U.S.C. §§ 1332 and 1441" as "an action between citizens of different states in which the amount in controversy exceeds $75,000." *Id.* ¶ 3. The Removing Defendants filed an answer on January 14, 2022. Dkt. 4.

    On January 26, 2022, Plaintiffs timely filed an amended complaint adding Haja Kamara as a Plaintiff, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Dkt. 9 ("Amended

Complaint").[1]  Like Ceesay, the Amended Complaint alleges that Kamara suffered injuries arising from the same January 9, 2022 apartment building fire in the Bronx.  *See, e.g., id.* ¶¶ 49-50.  But unlike Ceesay, Plaintiffs allege that Kamara is a citizen of New York, *id.* ¶ 2, Dkt. 11 ¶ 9, which is the alleged citizenship of many of the Defendants, Amended Complaint ¶¶ 5, 7, 29, 30, 31.  On January 26, 2022, the same day they filed the Amended Complaint, Plaintiffs moved to remand this case to state court on the grounds that diversity jurisdiction is lacking given Kamara's addition as a Plaintiff.  Dkts. 10, 11.  The Removing Defendants were voluntarily dismissed on February 4, 2022, Dkt. 17, and no Defendant has opposed remand.[2]

The Court must remand the case if "it appears that [it] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  The Amended Complaint's introduction of Kamara to this action, combined

---

[1] Rule 15(a)(1)(B) allows a plaintiff to amend a complaint within twenty-one days of an answer as a matter of course.  Under 28 U.S.C. § 1447(e), however, a court may either "deny joinder" or "permit joinder and remand" when a "plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  On its face, section 1447(e) does not apply to the Amended Complaint in this case, because Ceesay added a non-diverse *plaintiff*, not a non-diverse *defendant*.  *See Price v. J H*, 493 F.3d 55, 59 n.1 (2d Cir. 2007) ("Because [the party] was joined as a plaintiff, not as a defendant, section 1447(e) does not apply in this case.").  In any event, even if section 1447(e) were to apply, the Court would permit the Amended Complaint. When faced with a request to amend in a situation implicating section 1447(e), a court considers first "whether joinder would be appropriate under Rule 20 of the Federal Rules of Civil Procedure," and then whether "permitting joinder . . . will comport with principles of fundamental fairness." *Briarpatch Ltd., LP v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (quotations and alteration omitted).  The Amended Complaint satisfies Rule 20 because Kamara's claim "aris[es] out of the same . . . occurrence" as Ceesay's, *i.e.*, the fire in the Bronx, and "question[s] of law or fact common to" Ceesay and Kamara's claims will arise in the action, to include the circumstances of the fire and their theories of liability.  *See* Fed. R. Civ. P. 20(a)(1).  As to fundamental fairness, a court weighs the plaintiff's delay, prejudice to the defendants, the likelihood of multiple litigation, and the plaintiff's motivation.  *See Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 289 (D. Conn. 2016).  Here, the Amended Complaint was filed promptly after removal, no defendant has opposed joinder, joinder will decrease the number of proceedings, and both Plaintiffs appear to have a legitimate interest in the litigation and its prompt resolution.

[2] On January 31, 2022, certain of the Removing Defendants advised the Court by letter that they intended to oppose remand.  Dkt. 13.  No actual opposition was filed, however, as their dismissal from this case soon followed.  Other than the Removing Defendants, no Defendant has appeared in this action.

with its allegations as to Kamara's citizenship and the citizenship of multiple Defendants, appears to destroy diversity jurisdiction, which is the only basis for this Court's subject matter jurisdiction. Diversity jurisdiction requires that "each plaintiff's citizenship . . . be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (collecting cases). And that requirement applies "regardless of how [the party] joined the action." *Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2014) (explaining that a plaintiff joined under Rule 20 destroyed complete diversity).

The Court also lacks supplemental jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367. "A failure of diversity . . . eliminates every claim in the action, including any jurisdictionally proper action that might otherwise have anchored original jurisdiction, and removes the civil action from the purview of" the supplemental jurisdiction statute. *Id.* at 118 (quoting *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007)); *see also Abu Dhabi Comm. Bank v. Morgan Stanley & Co.*, 921 F. Supp. 2d 158, 161-62 (S.D.N.Y. 2012) ("[I]ncomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." (quotation omitted)). In any event, the Court would decline to exercise supplemental jurisdiction given the early stage of this case. *See, e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006).

The Court thus grants the motion to remand, Dkt. 10, and respectfully directs the Clerk of Court to close this case and to effectuate the remand to the Supreme Court of New York for Bronx County.

Dated: February 17, 2022  
New York, New York

                                                JOHN P. CRONAN  
                                                United States District Judge